UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID GRATER, JR.,                ) | |
|                                       ) | |
|       Plaintiff,                ) | |
|                                       ) | |
|    vs.                           ) | CAUSE NO. 3:05 CV 0787 |
|                                       ) | |
| BRIAN BAKER, *et al.*,         ) | |
|                                       ) | |
|       Defendants.              ) | |

## OPINION AND ORDER

David Grater, a prisoner confined at the Correctional Industrial Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Lafayette Police Officers Brian Baker and Joseph Kenner violated his federally protected rights. He also names Lafayette Mayor Ron Jaworski as a defendant. Mr. Grater seeks damages from the defendants.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law.

> These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Grater brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Grater is serving a sentence on a conviction for battery; he asserts, however, that he is innocent of that charge and, in fact, was the victim on that occasion. Mr. Grater states in his complaint that Officer Baker threw away evidence at the crime scene, including the ashtray used to hit him in the face and the knife used to stab him. He also alleges that Officer Baker falsified his statement to the police. He alleges that Officer Kenner saw Officer Baker throw away evidence at the crime scene and knows that Officer Baker falsified Mr. Grater's statement. Mr. Grater states that he "received 20 yrs. over lies." (Complaint at p. 3).  He alleges that Mayor Jaworski failed to investigate the incident and let "crooked" police officers get away with framing him.

Mr. Grater asserts that Officers Baker and Kenner framed him, resulting in his being convicted for a crime he did not commit. But if, as here, the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

This court may not award Mr. Grater damages without concluding that he was innocent of the charges against him and was improperly convicted of battery. Accordingly, *Heck v. Humphrey* requires that Mr. Granter first obtain a finding or judgment setting aside his conviction.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court **DISMISSES** this complaint without prejudice to the plaintiff's right to re-file his damage claim if he can obtain reversal of his conviction on direct appeal or can get it expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus .

**SO ORDERED.**

ENTER: August 28, 2006

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT